

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ANTONIO DEMOND MCPHEARSON,

v.   ACTION NO. 2:12cv244

A. L. ANDERSON, and

M. D. ANDERSEN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on A. L. Anderson's Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion to Dismiss"), filed on June 5, 2012.[1] Plaintiff, Antonio Demond McPhearson, originally filed his Complaint in the Circuit Court of the City of Norfolk, Virginia, on March 26, 2012. Plaintiff filed suit against defendant A. L. Anderson and codefendant M. D. Andersen[2] in both their individual and official capacities. See Compl. ¶¶ 2-3. Codefendant M. D. Andersen removed the action to this court on April 30, 2012, pursuant to 28 U.S.C. § 1446. Defendant A. L. Anderson consented to removal on May 1, 2012. Plaintiff has not responded to the Motion to

---

[1] Defendant A. L. Anderson also filed an accompanying Brief in Support of his Motion to Dismiss ("Brief in Support").

[2] The two defendants in this case have confusingly similar names. Codefendant M. D. Andersen's Motion to Dismiss will be addressed in an separate Memorandum Opinion and Order.

Dismiss, and the deadline for response has passed; this matter is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

This suit arises out of an unfortunate case of inaccurate identification and mistaken arrest. Plaintiff asserts that on or about November 24, 2009, Donaesha Carter was allegedly assaulted by her father, Antonio Roshawn McPherson, who is not related to the instant plaintiff, in Norfolk, Virginia. Id. ¶ 4. According to plaintiff, Barbara Carter, the alleged victim's mother, called the Norfolk Police Department, and defendant A. L. Anderson was the responding officer. Id. ¶ 6. After Barbara Carter provided the name and description of the alleged assailant, Antonio Roshawn McPherson, plaintiff alleges that defendant A. L. Anderson "began typing information in to the department's computer system and selected the information for Plaintiff [Antonio Demond McPhearson.]" Id. ¶¶ 7-9. Plaintiff was subsequently arrested by codefendant M. D. Andersen, after he stopped a car in which plaintiff was a passenger and ran plaintiff's information, which matched an outstanding warrant. See id. ¶¶ 16-18. Plaintiff alleges that the charges were eventually dismissed in his favor. Id. ¶ 29.

As a result of these events, plaintiff filed suit in the Circuit Court of the City of Norfolk, Virginia, which suit was

2

subsequently removed to this court.[3] The Complaint asserts three causes of action against defendant A. L. Anderson, in both his official and individual capacities: Count 1 alleges violations of 42 U.S.C. § 1983; Count 2 alleges a Virginia common law claim of false imprisonment; and Count 3 alleges a Virginia common law claim of intentional infliction of emotional distress. Id. ¶¶ 31-53. Defendant A. L. Anderson now moves this court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice, and to award him judgment. Plaintiff has not responded to the Motion to Dismiss.

## II. ANALYSIS

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions[.] [A] formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[3] See supra at 1.

(quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing

4

court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## A. Violations of 42 U.S.C § 1983

Plaintiff alleges violations of 42 U.S.C. § 1983 in relation to his arrest, arguing that defendant A. L. Anderson deprived him of his Fourth, Fifth, and Fourteenth Amendment rights. Compl. ¶ 32. Specifically, plaintiff argues he was deprived of "a) the right to be free from unreasonable seizures; b) the right not to be deprived of liberty without due process of law; and c) the right to be free from false arrest." Id. Defendant A. L. Anderson argues that the court should dismiss this claim against him because the facts alleged do "not give rise to a constitutional violation, so that Count 1 fails to state a claim under 42 U.S.C. § 1983." Mot. Dismiss ¶ 9.

### 1. Individual Capacity

"Actions under 42 U.S.C. 1983 based upon claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." Day v. Milan, No. 1:11cv97, 2011 U.S. Dist. LEXIS 125334, at *11 (E.D. Va. Oct. 28, 2011). "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." Brooks v. City of Winston-Salem, 85 F.3d 178,

183 (4th Cir. 1996). "A plaintiff's allegations that police seized him 'pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment.'" Miller v. Prince George's Cnty., 475 F.3d 621, 630 (4th Cir. 2007) (quoting Brooks, 85 F.3d at 183-84).

Unreasonable seizure claims against non-arresting officers generally fail. See generally Galarnyk v. Fraser, No. 08-3351, 2011 U.S. Dist. LEXIS 93794, at *15 (D. Minn. Aug. 22, 2011) (collecting cases). However, a non-arresting officer can be liable for the results of reckless or intentionally false statements or omissions if such statements cause the underlying arrest. See Miller, 475 F.3d at 630 (4th Cir. 2007) ("[A] police defendant who acts intentionally or with reckless disregard for the truth may not insulate himself from liability through the objectively reasonable conduct of other officers.") (quoting Burke v. Town of Walpole, 405 F.3d 66, 86 (1st Cir. 2005)).

> Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of [a statement's] probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.

Id. at 627 (internal quotations omitted). Such statements "must be material, that is, necessary to the . . . finding of probable cause." Id. at 628 (internal quotations omitted). Of course, "[n]ot every mix-up in issuance of an arrest warrant . . . automatically constitutes a constitutional violation for which a remedy may be sought." Thompson v. Prince William Cnty., 753 F.2d 363, 364 (4th Cir. 1985). "A plaintiff's 'allegations of negligence or innocent mistake' by a police officer will not provide a basis for a constitutional violation." Miller, 475 F.3d at 627-28 (emphasis in original) (quoting Franks v. Delaware, 438 U.S. 154, 171 (1978)).

Here, plaintiff alleges that defendant A. L. Anderson responded to a call where he was provided with the alleged assailant's name, Antonio Roshawn McPherson, physical description, social security number, and date of birth, as well as a general description of his car, two potential residences, and some description of his criminal record. See Compl. ¶¶ 7-8. In response to this information, plaintiff alleges defendant A. L. Anderson incorrectly selected plaintiff's, Antonio Demond McPhearson, information when "typing his information in to the department's computer system," leading to codefendant M. D. Andersen's arrest of the plaintiff pursuant to a warrant naming

7

plaintiff. See id. ¶¶ 18.[4] Plaintiff alleges that the arrest was "for a crime he did not commit," and later that it "was entirely without probable cause." Id. ¶¶ 33, 39. However, plaintiff tacitly acknowledges in his allegations that the warrant itself was issued in his name. See id. ¶¶ 18, 22 (alleging that plaintiff was arrested after the warrant matched his identification information).[5] Finally, plaintiff alleges that "[t]he conduct of defendants was willful, malicious, oppressive and/or reckless." Id. ¶ 37. In turn, defendant

---

[4] Defendant A. L. Anderson argues in his Motion to Dismiss and accompanying Brief in Support that plaintiff has failed to allege a causal link between defendant A. L. Anderson's actions and the resulting warrant and arrest. See Mot. Dismiss ¶¶ 8-9; Br. Supp. 3-4. Although the court reads the Complaint as alleging causation, see Compl. ¶ 33, the court may also consider the warrant itself. See Carter v. Baltimore Cnty., 39 Fed. App'x 930, 933 (4th Cir. 2002) (unpublished) ("A district court may consider public records in deciding a motion to dismiss without converting the motion to one for summary judgment.") (quoting Kostrzewa v. City of Troy, 247 F.3d 633, 644 (6th Cir. 2001)). The face of the warrant clearly names plaintiff, "Antonio Demond Mcphearson," as the accused, and was issued on the basis of the sworn statements of "Anderson, A L NPD." See Warrant, ECF No. 3-1, at 2. Thus, the court is satisfied that there is a sufficient allegation of causation between defendant A. L. Anderson's actions and the issuance of the warrant and subsequent arrest at this stage of the litigation.

[5] Seemingly in contradiction, the Complaint later alleges that codefendant M. D. Andersen "falsely . . . indicated that Plaintiff was the person sought by the warrant out of Norfolk, Virginia." See Compl. ¶ 41. However, it is likely plaintiff is simply restating, consistent with the rest of his Complaint, that he was not the alleged assailant sought for the crime in Norfolk. Regardless, the court has examined the warrant, which clearly names plaintiff on its face. See supra note 4.

A. L. Anderson argues that plaintiff has at most alleged "simple negligence," which does not rise to the level of a constitutional violation. Mot. Dismiss ¶ 9.

Consideration of the sufficiency of this § 1983 allegation presents the court with a difficult task. Examining the pleadings in totality, the court is quite skeptical that defendant A. L. Anderson did anything more than make an "innocent mistake" confusing two nearly identical names.[6] Moreover, parsing plaintiff's Complaint, certain portions of his claim sound more akin to an allegation of negligence than intentionality or reckless disregard. See Compl. ¶ 34 (discussing a failure of "due care to ensure that the correct person would be arrested"). However, while the court can disregard plaintiff's legal conclusions at this stage in the litigation, the court must accept plaintiff's alleged facts as true. See Iqbal, 556 U.S. at 679. Thus, for the purpose of considering the Motion to Dismiss, the court accepts that on November 24, 2009, defendant A. L. Anderson was presented with voluminous information identifying the alleged assailant, Antonio Roshawn McPherson, and yet provided a sworn statement on

---

[6] Indeed, as defendant A. L. Anderson wryly notes in his Brief in Support, plaintiff himself confused his own name with that of the alleged assailant at one point in his Complaint. See Compl. ¶ 10.

9

which the warrant for plaintiff's arrest was issued. See Compl. ¶¶ 7-8; Warrant, ECF No. 3-1, at 2; supra note 4.

Further, plaintiff alleges that such action was "willful" and/or "reckless." See Compl. ¶ 37. Plaintiff's facts could, if true, support these legal conclusions. See id. ¶ 45 (alleging affirmatively that defendant A. L. Anderson "procured the prosecution of Plaintiff falsely . . . and with full knowledge that the charge was without any reasonable or probable cause whatsoever"). Defendant A. L. Anderson protests that plaintiff has not alleged facts that plausibly support that "this defendant acted with any bad motive or evil intent," Br. Supp. 5, but such motive is not needed; plaintiff need only plead that defendant A. L. Anderson acted "deliberately or with a reckless disregard for the truth" in making material false statements leading to plaintiff's arrest. See Miller, 475 F.3d at 627. The court finds that plaintiff could have a plausible claim if, as the court must assume at this juncture, defendant A. L. Anderson willfully selected plaintiff's information with full knowledge that he was not the alleged assailant, leading to the issuance of the warrant and plaintiff's arrest. Thus, the court must **DENY** defendant A. L. Anderson's Motion to Dismiss the § 1983 claim against him in his individual capacity at this time.

### 2. Official Capacity

A claim brought against a public official in his official capacity is treated as an action against the public employer. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Defendant A. L. Anderson was employed as a police officer for the City of Norfolk, Virginia, during the incident in question. See Compl. ¶ 2; Br. Supp. 2. Therefore, plaintiff's claims against defendant A. L. Anderson in his official capacity are treated as actions against the City of Norfolk, Virginia.

Plaintiff has failed to state a claim against defendant A. L. Anderson in his official capacity. "A municipality cannot be held liable under Section 1983 unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Plaintiff's Complaint is void of any reference to a single policy of the City of Norfolk, let alone any allegation of a causal link to a possible a constitutional violation. Thus, plaintiff's § 1983 claim against defendant A. L. Anderson in his official capacity is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Common Law False Imprisonment

Plaintiff's next claim is that defendant A. L. Anderson committed the Virginia common law tort of false imprisonment.

11

Compl. ¶ 39. In support, plaintiff alleges "[t]hat the restraint, seizure and arrest of Plaintiff was entirely without probable cause or any sufficient legal excuse whatsoever and constituted false imprisonment." Id.

1. **Individual Capacity**

Plaintiff's common law false imprisonment claim against defendant A. L. Anderson falls short of stating a claim upon which relief can be granted. False imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." W.T. Grant Co. v. Owens, 149 Va. 906, 921 (1928). "The gist of the action is the illegal detention of the person without lawful process, or the unlawful execution of lawful process." Kress and Co. v. Roberts, 143 Va. 71, 75 (1925). Importantly, a warrant procured without probable cause "does not give rise to a cause of action for false imprisonment" when it is "regular on its face." Coughlan v. Jim McKay Chevrolet Inc., 18 Va. Cir. 265, 266 (1989) (quoting Motley v. Va. Hardware & Mfg. Co., 287 F. Supp. 790, 792 (W.D. Va. 1968)). Therefore, even a person procuring an erroneous warrant, "maliciously and without probable cause," is not liable in an action for false imprisonment. Motley, 287 F. Supp. at 792.

Here, plaintiff alleges defendant A. L. Anderson falsely imprisoned him, based on allegations which, even if true, demonstrate that plaintiff was arrested pursuant to an outstanding warrant in plaintiff's name. See supra note 5 and accompanying text. The Complaint contains no allegation that the warrant was not regular on its face, see discussion supra 7-8; instead, plaintiff focuses on defendant A. L. Anderson's alleged willfully erroneous identification of plaintiff and an alleged lack of probable cause for the arrest. See Compl. ¶¶ 33, 39. Thus, plaintiff's allegations, even if true, are simply not actionable under a theory of false imprisonment in Virginia, and the claim is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2. Official Capacity

Likewise, these allegations are insufficient to support a claim against defendant A. L. Anderson in his official capacity; indeed, plaintiff did not assert any facts regarding the role of the City of Norfolk in this claim. Further, the city is immune altogether from this sort of action under the doctrine of sovereign immunity. See Niese v. City of Alexandria, 264 Va. 230, 240 (2002) ("The investigation of a citizen's complaint is certainly part of the governmental function of providing a police force. Accordingly, the City cannot be held liable for

the alleged intentional torts committed by [a police officer.]"). Thus, plaintiff has failed to state a claim for false imprisonment against defendant A. L. Anderson in his official capacity, and the claim is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Common Law Intentional Infliction of Emotional Distress

Finally, plaintiff brings a common law claim of intentional infliction of emotional distress against defendant A. L. Anderson. Plaintiff alleges that defendant A. L. Anderson "deliberately and intentionally inflicted emotional distress upon Plaintiff" through his arrest on "baseless, unwarranted charges;" that "emotional distress was the likely result;" that the conduct "was extreme and outrageous;" and that emotional distress resulted. Compl. ¶¶ 47-51. Defendant A. L. Anderson responds that these allegations are conclusory and not supported by plaintiff's factual allegations. Br. Supp. 4-5.

#### 1. Individual Capacity

A cause of action for intentional infliction of emotional distress, unaccompanied by physical injury, requires a showing of four elements: "the wrongdoer's conduct was intentional or reckless;" "the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;" "a causal connection between the wrongdoer's

14

conduct and the emotional distress;" and last, that "the emotional distress was severe." Womack v. Eldridge, 215 Va. 338, 342 (1974). "[S]uch torts are not favored in the law." Ruth v. Fletcher, 237 Va. 366, 373 (1989). "[L]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Russo v. White, 241 Va. 23, 27 (1991).

Here, plaintiff sufficiently, albeit barely, alleges facts that plausibly set out the first three elements of a claim of intentional infliction of emotional distress. Although defendant A. L. Anderson is correct that plaintiff's legal allegations are conclusory and do not support a cause of action on their own, at this stage in the litigation the court again must accept all factual allegations in the Complaint as true. See Iqbal, 556 U.S. at 679. As such, the court assumes that defendant A. L. Anderson was provided with a host of information identifying the alleged assailant and had full knowledge that plaintiff was not the alleged assailant when selecting plaintiff's information, leading to the issuance of the erroneous warrant and plaintiff's arrest. See discussion supra 9-10. Therefore, plaintiff has alleged sufficient factual

support, at this point, for his allegation that defendant A. L. Anderson acted intentionally or recklessly in causing plaintiff to be arrested, and "knew or should have known that emotional distress was the likely result" of the conduct. See Compl. ¶¶ 48-49. Although the court remains skeptical of plaintiff's specific allegations, the court further finds that, at least under some circumstances, a knowing procurement of a false warrant, leading to an erroneous arrest and detention of an innocent person, could rise to the level of being "utterly intolerable in a civilized community." Womack, 215 Va. at 342. In addition to intent and outrageousness, plaintiff has also alleged causation. See Compl. ¶¶ 33, 40, 51; supra note 4.

However, the court finds that plaintiff has not sufficiently pled "severe emotional distress" to state a claim for intentional infliction of emotional distress under Virginia law. Plaintiff alleges generally that "the emotional stress caused to Plaintiff by Defendants is such that no reasonable man could be expected to endure." Compl. ¶ 53. Incorporated into his allegation, plaintiff claims that he

> has been greatly injured to his credit and reputation and has been brought into public disrepute among the members of his community; has been hindered in the practice of his profession; has been required to spend substantial time away from his business and to expend substantial sums of money to defend against this wholly frivolous charge; has been caused much anxiety

and mental anguish; and has been made the object of public scorn, ridicule, and humiliation.

Id. ¶ 46.[7]

Nonetheless, plaintiff has "not alleged concrete symptoms of his emotional distress in any detail." Jackson v. Michalski, 3:10cv52, 2011 U.S. Dist. LEXIS 93361, at *40 (W.D. Va. Aug. 22, 2011). Virginia case law demonstrates that "extreme emotional distress" is a strong bar to claims of this nature. Plaintiff's generalized allegations of distress fall short of other claims dismissed at the initial stage. See Harris v. Kreutzer, 271 Va. 188, 204-05 (2006) (affirming dismissal because allegations of "severe psychological trauma and mental anguish . . . nightmares, difficulty sleeping, extreme loss of self-esteem and depression, requiring additional psychological treatment and counseling . . . mortification, humiliation, shame, disgrace, and injury to reputation" were insufficient); Russo, 241 Va. at 28 (affirming dismissal because allegations

---

[7] Plaintiff also asserted in his § 1983 claim that he

> suffered general and special damages including, but not limited to: loss of liberty, physical pain and injuries, inconvenience, humiliation, embarrassment, damage to reputation and standing in the community, mental pain and anguish, emotional distress, attorneys' fees, bondsmen fees, [and] time away from his personal and business affairs.

Compl. ¶ 36. With the exception of unspecified "physical pain and injuries," for which no supporting facts are alleged, the asserted harm is identical to that discussed above.

that plaintiff "was nervous, could not sleep, experienced stress and its 'physical symptoms,' withdrew from activities, and was unable to concentrate at work" were insufficient). Here, as in Russo, "[t]here is no claim, for example, that [plaintiff] had any objective physical injury caused by the stress, that [plaintiff] sought medical attention, that [plaintiff] was confined at home or in a hospital, or that [plaintiff] lost income."[8] Russo, 241 Va. at 28. In short, the Complaint as written fails to plead sufficiently detailed facts to support the severity element under Virginia law. Because the court cannot determine from the Complaint the actual severity of plaintiff's alleged distress, the court will dismiss Count 3 against defendant A. L. Anderson in his individual capacity, unless plaintiff submits an amended complaint sufficiently pleading "severe emotional distress" within ten (10) days of the date of this Memorandum Opinion and Order.

### 2. Official Capacity

These allegations are insufficient to support a claim against defendant A. L. Anderson in his official capacity. Once again, plaintiff did not assert any facts regarding the role of

---

[8] Defendant does describe financial harm in his Complaint, but the alleged loss of his job, attorney fees, and bondsman costs all occurred, as plaintiff himself states, "as a result of the arrest," not as a result of any severe emotional distress he suffered. See Compl. ¶¶ 24-28.

the City of Norfolk in this claim; moreover, once again, the city is immune altogether from this sort of action. See Niese, 264 Va. at 240; discussion supra at 13-14. Thus, plaintiff has failed to state a claim for false imprisonment against defendant A. L. Anderson in his official capacity, and the claim is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** in part defendant A. L. Anderson's Motion to Dismiss, and **DISMISSES** Counts 1, 2, and 3 against defendant A. L. Anderson in his official capacity, and Count 2 against defendant A. L. Anderson in his individual capacity. Further, unless plaintiff submits an amended complaint sufficiently pleading "severe emotional distress" within ten (10) days of the date of this Memorandum Opinion and Order, the court will dismiss Count 3 against defendant A. L. Anderson in his individual capacity. The court **DENIES** defendant A. L. Anderson's Motion to Dismiss in regard to Count 1 against defendant A. L. Anderson in his individual capacity. The court **DIRECTS** the Clerk to forward a copy of this Memorandum Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 5, 2012

/s/ -RBS-
Rebecca Beach Smith
Chief
United States District Judge